**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Lewis McGraw and | ) | |
| Brenda McGraw, | ) | Case No.: 06-04301-BGC-7 |
| | ) | |
| Debtors. | ) | |
| | | |
| GE Money Bank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 07-00016 |
| | ) | |
| Lewis McGraw and | ) | |
| Brenda McGraw, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**
**ON THE DEFENDANTS'**
**MOTION TO DISMISS**

The matters before the Court are the Complaint filed on February 3, 2007, by the plaintiff; and the Motion to Dismiss filed on February 21, 2007, by the defendants. After notice, a hearing was held on March 28, 2007. Appearing were the defendants; their attorney Karen Denise Humphrey; and W. McCollum Halcomb for the plaintiff. The matter was submitted on the arguments of counsel and the pleadings.

### I. The Defendants' Contentions

The defendants' motion raises numerous grounds. Legally there are four arguments.

The first argument is that the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the plaintiff failed to state a claim under either section 523(a)(2)(A) or section 523(a)(2)(C) of the Bankruptcy Code. Within this contest, the debtors contend that the plaintiff did not specifically plead the required fraud or luxury goods allegations of section 523, or identify the facts to support such allegations.

The second argument is the complaint should be dismissed because the plaintiff failed to file a proof of claim, "as required in 11 U.S.C. Section 523(a)(2)(B)." Answer and Motion to Dismiss at paragraph 7.

The third argument is that the complaint should be dismissed because the plaintiff did not satisfy the corporate ownership filing requirement of Rule 7007.1 of the Federal Rules of Bankruptcy Procedure.

The fourth, and final, argument is that the plaintiff did not "properly" file its complaint by February 5, 2007, the bar date for filing complaints to determine dischargeability of debts. The Court assumes the defendants are contending in this argument that the plaintiff may not now amend its complaint because the deadline for filing the original complaint has passed.

## II. Conclusions of Law

### A. Rule 12(b)(6) and
### Sections 523(a)(2)(A) and 523(a)(2)(C) of the Bankruptcy Code

#### 1. General Standards under Rule 12(b)(6)

In regard to Rule 12(b)(6) motions, this Court is governed by the standards recognized in the per curiam opinion of the Court of Appeals for the Eleventh Circuit in Grossman v. Nationsbank, N.A., 225 F.3d 1228 (11th Cir. 2000). That opinion reads in part:

> We review de novo a district court's order dismissing a complaint for failure to state a claim upon which relief could be granted. See Lopez v. First Union National Bank of Florida, 129 F.3d 1186, 1189 (11th Cir.1997) (citation omitted). When considering a motion to dismiss, all facts set forth in the plaintiff's complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir.1993). A complaint may not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lopez, 129 F.3d at 1189 (internal quotations and citation omitted.)

> Id. at 1231-32. See also Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999), ("When considering a Rule 12(b)(6) motion to dismiss, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiffs. See Roberts v. Florida Power & Light Co., 146 F.3d 1305, 1307 (11th Cir.1998), cert. denied, 525 U.S. 1139, 119 S.Ct.1027, 143 L.Ed.2d 38 (1999)." Id.

2

In <u>Bank v. Pitt</u>, 928 F.2d 1108 (11th Cir. 1991) the same court offered this advice:

A complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). "[A] district court's discretion to dismiss a complaint without leave to amend is 'severely restrict[ed]' by Fed.R.Civ.P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.' " <u>Thomas v. Town of Davie</u>, 847 F.2d 771, 773 (11th Cir.1988) (quoting <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 597 (Former 5th Cir.1981)). Where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, we have held that a district court should give a plaintiff an <u>opportunity to amend his complaint instead of dismissing it.</u> <u>See Friedlander v. Nibs</u>, 755 F.2d 810, 813 (11th Cir.1985); <u>Dussouy</u>, 660 F.2d at 597-99. This is still true where the plaintiff does not seek leave until after the district court renders final judgment, see <u>Thomas</u>, 847 F.2d at 773 (after district court dismissed plaintiff's complaint with prejudice, plaintiff filed motion for reconsideration that was denied; this court reversed and remanded, directing that plaintiff be permitted to amend his complaint), and even where the plaintiff never seeks leave to amend in the district court, but instead appeals the district court's dismissal, see <u>Sarter v. Mays</u>, 491 F.2d 675, 676 (5th Cir.1974) (complaint dismissed with prejudice and plaintiff appealed; court of appeals stated that "if the complaint does not adequately apprise the defendant of the nature of the plaintiff's claim, the court should allow the plaintiff to amend the pleadings to more plainly delineate the cause of action rather than dismiss the complaint.").

<u>Id</u>. at 1111-12 (footnotes omitted).

## 2.  Applicable Statutes

Section 523(a)(2)(A) reads:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C.A. § 523(a)(2)(A).

3

Section 523(a)(2)(C) reads:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--

(C)(i) for purposes of subparagraph (A)--

(I) consumer debts owed to a single creditor and aggregating more than $500 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable; and

(II) cash advances aggregating more than $750 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable; and

(ii) for purposes of this subparagraph--

(I) the terms "consumer", "credit", and "open end credit plan" have the same meanings as in section 103 of the Truth in Lending Act; and

(II) the term "luxury goods or services" does not include goods or services reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor.

11 U.S.C.A. § 523(a)(2)(C).

Based on the complaint, and applying the standards in this Circuit, as discussed below, the Court finds that the complaint states claims for both sections 523(a)(2)(A) and 523(a)(2)(C).

### 3. General Rule as to Dischargeability Complaints

As a general rule for dischargeability complaints, the Eleventh Circuit Court of Appeals has recognized:

In reviewing the sufficiency of the allegations, we turn to Conley. "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim ... all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

4

Conley, 355 U.S. at 47, 78 S.Ct. at 103. In addition, "the district court must accept the allegations of the complaint as true and must construe the facts alleged in the light most favorable to the plaintiff." Hunnings, 29 F.3d at 1484.

Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 349-50 (11th Cir.1996),

### 4. Section 523(a)(2)(A)

In regard to section 523(a)(2)(A) specifically, that Court continued:

> The elements of a claim under § 523(a)(2)(A) are: the debtor made a false statement with the purpose and intention of deceiving the creditor; the creditor relied on such false statement; the creditor's reliance on the false statement was justifiably founded; and the creditor sustained damage as a result of the false statement. See Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir.1986); City Bank & Trust Co. v. Vann (In re Vann), 67 F.3d 277 (11th Cir.1995).

Id. at 350.

In the pending complaint, the plaintiff met this standard.  The plaintiff specifically alleged:

1.  The defendants' representations were false and known to be false when made;

2.  The defendants made the false representations with the intent to deceive the plaintiff;

3.  The plaintiff justifiably relied on the false representations; and,

4.  The plaintiff suffered damages because of the reliance on the false representations.

See Complaint at paragraphs 8-12.

Based on the above, the Court finds that the plaintiff has stated a claim upon which relief may be granted under section 523(a)(2)(A).

### 5. Section 523(a)(2(C)

Section 523(a)(2)(C) creates a presumption of actual fraud arising out of a consumer debtor's luxury purchases.  If the purchases are luxury goods, then there is a presumption of fraud.  In the instant situation, even if this plaintiff did not include the

5

required particulars in its complaint, the information provided did place the defendants on notice of its contentions by referring specifically to subsection 523(a)(2)(C).

The court in <u>In re Alam</u>, 314 B.R. 834 (Bankr. N.D. Ga. 2004) addressed a similar situation.  The court wrote:

> The complaint does not allege facts to show that the presumption applies. Even if the complaint had alleged that the debt is a consumer debt under an open end credit plan, it alleges only that Debtor incurred "charges and/or cash advances" in the total amount of the claim. (Complaint ¶ 8). Thus, the complaint does not specify how much of the debt represents cash advances and does not allege that any charges were for "luxury goods and services." No account statements are attached to the complaint or default judgment motion that would reveal the nature of any of the transactions.

<u>Id</u>. at 842.

So what is the remedy when a complaint is lacking?  Is it dismissal? The answer is no.  As the Court in <u>Alam</u> concluded, this Court finds that a plaintiff that has not completely plead the facts necessary to satisfy section 523(a)(2)(C) should be allowed to amend a complaint.

Based on the above, the Court finds that the plaintiff may amend its complaint to include the specific allegations and facts necessary to attempt to raise the presumption contemplated in section 523(a)(2)(C).

## 6.  Conclusion to Rule 12(b)(6) Arguments

The Court cannot find that, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Therefore, the Court finds that the defendants' rule 12(b)(6) motion is due to be denied.

## B.  Failure to File a Proof of Claim
## Pursuant to Section 523(a)(3)(B)

The defendants' second argument is that the complaint should be dismissed because the plaintiff failed to file a proof of claim, "as required in 11 U.S.C. Section 523(a)(2)(B)."  <u>Answer and Motion to Dismiss</u> at paragraph 7.

Section 523(a)(3)(B) reads:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

6

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit--
(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

11 U.S.C. § 523(a)(3)(B).

Section 523(a)(3)(B)'s sole purpose is to protect a creditor who has not received the proper notice required when a bankruptcy case is filed. The Court of Appeals for the Eleventh Circuit explained the purpose of section 523(a)(3)(B) in In re Alton, 837 F.2d 457 (11th Cir. 1988). The opinion there read:

Section 523(a)(3)(B) specifically provides that when a debtor fails to list those debts incurred fraudulently or incurred because of malicious injury to another or lists them too late to allow a creditor to file a proof of claim and a dischargeability complaint in timely manner, then those debts will be undischarged "unless such creditor had notice or actual knowledge of the case in time for such timely filing and request" (emphasis added).

Id. at 460. See also In re Brothers, 345 B.R. 406 (Bankr. S.D. Fla. 2006).

As is clear from this description, section 523(a)(3)(B) does not have any applicability to the dismissal issue before this Court. Therefore the Court finds that this portion of the pending motion is due to be dismissed.

## C. Failure to Provide a Rule 7007.1 Disclosure

The third argument is that the complaint should be dismissed because the plaintiff did not satisfy the corporate ownership statement filing requirement of Rule 7007.1, Federal Rules of Bankruptcy Procedure.

Rule 7007.1 reads:

(a) Required disclosure

Any corporation that is a party to an adversary proceeding, other than the debtor or a governmental unit, shall file two copies of a statement that identifies any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under this subdivision.

7

(b) Time for filing

A party shall file the statement required under Rule 7007.1(a) with its first
pleading in an adversary proceeding. A party shall file a supplemental
statement promptly upon any change in circumstances that this rule
requires the party to identify or disclose.

Fed. R. Bankr. P. 7007.1.

Like the defendants' section 523(a)(3)(B) argument, this argument does not
relate to the dismissal issue before the Court. The Committee comments to this rule
explain that the rule was instituted to help litigants and court members to determine
when a court member has a conflict in a case.

The Advisory Committee Notes read:

This rule is derived from Rule 26.1 of the Federal Rules of Appellate
Procedure. The information that parties shall supply will support properly
informed disqualification decisions in situations that call for automatic
disqualification under Canon 3C(1)(c) of the Code of Conduct for United
States Judges. This rule does not cover all of the circumstances that may
call for disqualification under the subjective financial interest standard of
Canon 3C, and does not deal at all with other circumstances that may call
for disqualification. Nevertheless, the required disclosures are calculated
to reach the majority of circumstances that are likely to call for
disqualification under Canon 3C(1)(c).

The rule directs nongovernmental corporate parties to list those
corporations that hold significant ownership interests in them. This
includes listing membership interests in limited liability companies and
similar entities that fall under the definition of a corporation in Bankruptcy
Code § 101.

Under subdivision (b), parties must file the statement with the first
document that they file in any adversary proceeding. The rule also
requires parties and other persons to file supplemental statements
promptly whenever changed circumstances require disclosure of new or
additional information.

The rule does not prohibit the adoption of local rules requiring disclosures
beyond those called for in Rule 7007.1.

Fed R. Bankr. P. 7007.1, Advisory Committee Notes, 2003.

8

Based on the above, the Court finds that Rule 7007.1 does not have any applicability to the dismissal issue before this Court. Therefore the Court finds that this portion of the pending motion is due to be dismissed.

### D. May the Plaintiff Amend Its Complaint?

The fourth, and final, argument is that the plaintiff did not "<u>properly</u>" file its complaint by February 5, 2007, the bar date for filing complaints to determine dischargeability of debts. The Court assumes the defendants are contending in this argument that the plaintiff may not now amend its complaint because the deadline for filing the original complaint has passed.

The issue then is where a 12(b)(6) motion is denied, may the plaintiff amend its complaint after the bar date has passed? The answer is yes.

Most courts agree on the general rule that amendments should be allowed freely. The court in <u>In re Tomczak</u>, Case No. 00-12096F, 2000 WL 33728176 (E.D.Pa., Jul 19, 2000) expressed it this way:

> ("[U]nless the facts alleged in the complaint clearly show that the plaintiff has no legitimate claim, courts ordinarily will allow the plaintiff leave to amend the complaint" if it is defective), federal courts will preclude a party from a hearing on the merits only in the strongest instances.

<u>Id</u>. at 1.

But in the situation involving a deadline for filing a complaint, will the amendment relate back to the time of the filing of the original complaint? The answer is again yes. The court in <u>In re Englander</u>, 92 B.R. 425 (9th Cir. BAP 1988) explains:

> Based on this standard, the Bankruptcy Appellate Panel has held that an amended complaint will relate back if "the specified conduct of the defendant, upon which the plaintiff is relying to enforce his amended claim is identifiable with the original claim." <u>In re Dean</u>, 11 B.R. 542, 545 (9th Cir.BAP 1981). In the instant case, the amended complaint is sufficiently identifiable with the original claim since the clear subject of both complaints is the dischargeability of specific loans.

> Furthermore, such a holding is most consistent with the Ninth Circuit's recognition that dismissal is a harsh penalty and lesser sanctions should be explored. See, e.g., <u>Udom v. Fonseca</u>, 846 F.2d 1236, 1238 (9th Cir.1988).

<u>Id</u>. at 428.

9

Rule 15(c) of the Federal Rules of Civil Procedure specifically allow such a result. Rule 15(c) reads:

> (c) An amendment of a pleading relates back to the date of the original pleading when –
>
> ...
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or....

Fed. R. Civ. P. 15(c).[1]

Based on the facts alleged in the original complaint and those that may be alleged in an amended complaint, the Court finds for now that the amended allegations may relate back. If an amended complaint is filed, the defendants may, of course, contest any factual basis for such an amended complaint.

### III. Conclusion

Based on the above, it is **ORDERED** that the defendants' <u>Motion to Dismiss</u> is due to be **DENIED**. A separate order will be entered contemporaneously with the Memorandum Opinion.

Dated: April 5, 2007          <u>/s/Benjamin Cohen</u>
                                              BENJAMIN COHEN
                                              United States Bankruptcy Judge

BC:pb

---

[1]Rule 15(c) is applicable to this proceeding pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure.

10